```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SOUTH LOUISIANA ETHANOL, LLC            CIVIL ACTION

VERSUS                                  NO. 11-2715
                                        c/w 12-379
                                        PERTAINS TO ALL CASES

ERIC JACOB MESSER, ET AL.               SECTION "B"(4)
```

## ORDER AND REASONS

Before the Court are: Defendant 1 Fireman's Fund Insurance Company's ("Fireman's Fund") first Motion for Summary Judgment against the claims of South Louisiana Ethanol, L.L.C. ("SLE"); Defendants Commerce & Industry Insurance Company and Chartis Speciality Insurance Company's (collectively, "C&I and Chartis") Motion for Summary Judgment against the claims of SLE; Third-party Defendant ENGlobal U.S., Inc.'s ("ENGlobal") Motion for Summary Judgment against the claims of Fireman's Fund; and Fireman's Fund's subsequent second Motion for Summary Judgment against both SLE's and Intervenor Whitney Bank's ("Whitney") claims. (Rec. Docs. No. 30, 31, 53, & 64). Also before the Court are the Oppositions and Replies filed against and in support of the aforementioned motions. (Rec. Docs. No. 32, 33, 36, 69, 61, & 73). Also before the Court is Fireman's Fund's Motion to Strike exhibits attached to the opposition filed by SLE and Whitney regarding Fireman's Fund's first Motion for Summary Judgment, and the subsequent opposition to and reply in support of said motion. (Rec. Docs. No. 34, 35, &

68).  Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that C&I and Chartis' Motion for Summary Judgment (Rec. Doc. No. 31) is **GRANTED.**

**IT IS FURTHER ORDERED** that Fireman's Fund's Second Motion for Summary Judgment (Rec. Doc. No. 64) is **GRANTED**.  Accordingly,

**IT IS FURTHER ORDERED** that Fireman's Fund's First Motion for Summary Judgment and Motion to Strike (Rec. Docs. No. 30 & 34) are **DISMISSED as moot** in light of the foregoing Order.

**IT IS FURTHER ORDERED** that ENGlobal's Motion for Summary Judgment (Rec. Doc. No. 53) is **GRANTED.**

Procedural History and Facts of the Case:

The instant action arises out of alleged damage to property belonging to SLE, while said property was in the care of its subcontractor, Precision Combustion Technology, L.L.C. ("PCT"). (Rec. Docs. No. 33 & 64-1 at 2, referring to Rec. Doc. No. 30-2 at 2-4).  Because PCT filed for bankruptcy, SLE seeks recovery from individual members of PCT and PCT's insurers, rather than from PCT itself.  (Rec. Docs. No. 1-1 & 30-2 at 3).  SLE initiated the action in state court, but the case was subsequently removed to federal court under 28 U.S.C. §§ 1452(a) and 1334(b), as it was related to the bankruptcy proceeding of SLE, already pending in federal Court.[1]  (Rec. Doc. No. 1 at 2).

---

[1] The instant action was originally removed to United States District Court for the Middle District of Louisiana, and subsequently transferred to this Court.  (Rec. Doc. No. 22).  Thereafter, SLE's suit was consolidated with

SLE entered into an engineering, procurement, and construction contract with ENGlobal in January 2007, for the retrofitting of an ethanol facility in Plaquemines Parish, within the Eastern District Louisiana. (Rec. Doc. No. 33 at 2). ENGlobal hired PCT as a subcontractor, and SLE sent several pieces of equipment to PCT's yard in Gonzales, Louisiana for repair. *Id*. at 3; (Rec. Doc. No. 30-2 at 3). SLE alleges that while its equipment was in the possession of PCT, PCT negligently caused certain SLE equipment to be damaged by exposure to the elements, PCT negligently failed to warn/advise SLE that its equipment was in danger of seizure in satisfaction of debts owed by PCT to a third party, and PCT wrongfully sold equipment belonging to SLE to Southern Scrap Materials, Co., L.L.C. ("Southern Scrap"). (Rec. Doc. No. 33 at 6-7). SLE now seeks recovery against the principals of PCT (Steven Zane Glaze, Cynthia Ann Glaze, and Eric Jacob Messer), Southern Scrap, and PCT's insurers, Fireman's Fund and C&I and Chartis. *Id*. at 8. Whitney intervened in the matter asserting a first-ranking security interest in SLE's property, having provided financing to SLE for its engineering work on the plant PCT was contracted to work on. (Rec. Doc. No. 33 at 8, n. 19).

At issue in the instant motions is the extent of coverage, if any, provided by Fireman's Fund and C&I and Chartis for the

---

the pending bankruptcy action, Civil Action No. 12-379 "B"(4), on August 24, 2012. (Rec. Doc. No. 25).

property of SLE while in the care of PCT. (Rec. Docs. No. 30, 31, & 64). Also in dispute is Fireman's Fund's right to bring ENGlobal into the action as a third-party defendant. (Rec. Doc. No. 53).

Law & Analysis

A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

As to issues for which the non-moving party has the burden of

proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

B. SLE and Whitney's Cause of Action against Fireman's Fund

    1. Louisiana law on insurance contracts

The first issue in dispute is whether SLE and Whitney have a cause of action against Fireman's Fund. SLE and Whitney claim that the facts give rise to a cause of action against Fireman's Fund either: (1) via statute, under Louisiana's Direct Action Statute against insurers; or (2) via contract, as either a loss-payee or third-party beneficiary to the policy Fireman's Fund issued to PCT. (Rec. Doc. No. 73). This Court recognizes that Louisiana substantive law applies to interpret the inland marine insurance contract issued by Fireman's Fund to PCT. *See Dredging Supply Co., Inc. v. American First Ins. Co.,* Civ. A. No. 06-1744, 2008 WL

5

3851587, *3 (E.D. La. Aug. 13, 2008), citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310 (1955); *Thanh Long Partnership v. Highlands Ins. Co.*, 32 F.3d 189 (5th Cir. 1994). "Inland marine insurance" is a type of marine insurance. *Tidelands Ltd. I. v. Louisiana Ins. Guar. Ass'n.*, No. 94-0128, 645 So.2d 1240, 1242 (La. App. 1 Cir. 11/10/94), citing La Rev. Stat. Ann. § 22:6(13), predecessor to current Kinds of Insurance statute, La Rev. Stat. Ann. § 22:47 (West 2013).  "[S]tate law governs construction of marine insurance contracts except where it is displaced by admiralty law." *Bordelon Marine, Inc. v. F/V KENNY BOY,* 780 F.Supp.2d 497, 501 (E.D. La. 2011), citing *Employers Ins. of Wausau v. Trotter Towing Corp.*, 834 F.2d 1206, 1210 (5th Cir. 1988).  Indeed, there is a presumption that state law applies to marine insurance contracts. *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 886 (5th Cir. 1991) ("In *Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. 310(1955), the United States Supreme Court concluded that the regulation of marine insurance is, in most instances, properly left with the states. *Id*. at 321."). Further, all parties in the instant case rely on Louisiana law and raise no conflicts between Louisiana law and federal maritime law in interpreting the insurance contract at issue. (*See* Rec. Docs. No. 30, 33, 64 & 73).   Therefore, the Court applies Louisiana substantive law to the insurance dispute at issue.

"Construction of a marine insurance policy 'usually involves

a question of law which can be resolved properly in the framework of a motion for summary judgment.'" *Dredging*, 2008 WL 3851587 at *3, citing *Bonin v. Westport Ins. Corp.*, 930 So.2d 906, 910 (La. 2006). An insurance policy should be construed using the general rules of contract interpretation, as provided by the Louisiana Civil Code. *Dredging*, 2008 WL 3851587 at *3, citing *Cadwaller v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003). The Court's role "<u>is to ascertain the common intent of the parties to the [insurance] contract</u>." *Id.*, (emphasis added). An insurance contract should be enforced as written, and the Court should not use rules of contractual interpretation to alter unambiguous terms and policy provisions. *Id*.

    2. Louisiana's Direct Action Statute

"The Louisiana Direct Action Statute generally allows an injured party to proceed directly against an insurance company which has issued a policy or contract of insurance against the liability of the insured tortfeasor." *Grubbs v. Gulf Int'l Marine, Inc.*, 625 So.2d 495, 497 (La. 1993), citing La. Rev. Stat. Ann. § 22:655, (predecessor to current Direct Action Statute, La. Rev. Stat. Ann. § 22:1269 (West 2013)). "By its literal terms, the Direct Action Statute applies to all <u>liability</u> policies." *Grubbs*, 625 So.2d at 498, citing La. Rev. Stat. Ann. § 22:655, (predecessor to current Direct Action Statute, La. Rev. Stat. Ann. § 22:1269 (West 2013))(emphasis added). Therefore, whether SLE and Whitney

have a cause of action against Fireman's Fund under the Direct Action Statute hinges on whether the underlying policy issued to PCT was a "liability policy."

In support of their argument that the inland marine insurance contract issued to PCT is a liability policy, SLE and Whitney cite *Davis v. Poleman*, 319 So.2d 351 (La. 1975). SLE and Whitney urge *Davis* is similar to the instant facts because the insured was a compensated depositary. However, this case is inapposite to the present action, because the fact that the insured had a liability policy was not in dispute. *Davis*, 319 So.2d at 353 (noting that the issue was that the claimants were denied coverage from the depositary's liability insurers because they could not establish the date of loss).

To the contrary, the inland marine insurance policy at issue in the instant matter is a property insurance contract, rather than a liability insurance contract. *See* La. Rev. Stat. Ann. § 22:47 (West 2013)(defining "Kinds of Insurance" and listing "inland marine insurance" as distinct from liability insurance, and in the same section as marine builder's risk insurance and personal property floater risks); *See also* Michael R. Newby, *The Nature of Inland Marine Insurance and its Association with Maritime Law*, 13 U.S.F. Mar. L.J. 267, 269-273 (2001)(describing inland marine insurance as typically covering property of high value, comparing inland marine insurance with a particular type of property risk

insurance); Russ and Segalla, *Couch on Insurance*, § 154:3, Specialized Insurance Coverages; "Inland Marine" Concept, n.3 (3d ed. 2011), citing *Ohio Cas. Ins. Co. v. Carman Cartage Co., Inc.*, 636 N.W.2d 862 (Neb. 2001)("'Inland marine insurance' functions basically as a form of property insurance."). Further, the insurance contract itself is defined in terms of property insured and excluded. (Rec. Doc. No. 64-6 at 10). Therefore, where the written terms of the contract are clear and unambiguous that the inland marine insurance contract in dispute is a property insurance policy, and not a liability insurance policy, SLE and Whitney are without a cause of action against Fireman's Fund under the Louisiana Direct Action Statute. Therefore, SLE and Whitney must allege facts giving rise to a contractual right against Fireman's Fund in order to sustain a cause of action against Fireman's Fund.

3. SLE and Whitney's contractual rights against Fireman's Fund

"It is a well-established principle of law that a policy of insurance is a personal contract between the insurer and the insured. A person who is neither a party to the insurance contract nor one for whose benefit it was written <u>is not entitled to a share of the insurance proceeds by the mere fact that he has an insurable interest in the property</u>." *Haddad v. Elkhateeb*, 2012-0214, p. 11 (La. App. 4 Cir. 8/11/10), 46 So.3d 244, 253, citing *Hartford Ins. Co. of Southeast v. Stablier*, 476 So.2d 464, 466 (La. App. 1st Cir.

9

1985); *Franks v. Harper*, 141 So.2d 690, 694-95 (La. App. 3d Cir. 1962)(emphasis added). "Property insurance, as first-party coverage, generally does not respond to third-party claims." *TCC Contractors, Inc., v. Hospital Service Dist. No. 3 of the Parish of Lafourche*, 2012-0685, p.11 (La. App. 1 Cir. 12/8/10), 52 So.3d 1103, 1110. A party who is not a named beneficiary to a property insurance policy and who has no contractual relationship with the insurer has "no judicially enforceable right of action" against the insurer under the terms of the policy. *Stall v. State Farm Fire and Cas. Co.*, 2008-0649, p.6 (La. App. 4 Cir. 10/29/08), 995 So.2d 670, 674 . To establish status as a third-party beneficiary of a property insurance policy, "there must be a clear expression of intent to benefit the third party." *Id*., citing *Smith v. State Farm Ins. Co.*, 2003-1580, p. 5 (La. App. 4 Cir. 3/3/04), 869 So.2d 909, 913. "If the most natural and obvious construction of the policy is that the party named as the insured only sought to protect his own interest, the contract cannot be extended so as to cover the interest of a third person." *Haddad*, 46 So.3d at 252, citing *Duncan v. Sun Mut. Ins. Co.*, 12 La. Ann. 486 (1857).

In both *TCC Contractors* and *Haddad*, the Louisiana appellate courts rejected the claims of parties who were not named beneficiaries or loss payees to the property insurance contracts at issue. *TCC Contractors*, 52 So.3d at 1110; *Haddad* 46 So.3d at 253. In *TCC Contractors*, the Court found that although the insured may

have breached a contractual obligation to name the plaintiff as a loss payee to the insurance contract in dispute, "[the insured's] contractual failure" could not be imputed to the insurer. 52 So.3d at 1110. In *Haddad*, there was no dispute that property belonging to the claimants was covered by the property insurance policy in dispute. 46 So.3d at 247-48. However, the Court found that the mere fact that the claimants had a property interest in the insured property was insufficient to grant them an interest in the insurance proceeds, where they were not parties to the insurance contract. *Id*. at 252-53.

The facts of *TCC Contractors* and *Haddad* are similar to the case at bar. As in *TCC Contractors*, SLE and Whitney urge that PCT was "contractually obligated to list SLE as a loss payee" and was "an intended third-party beneficiary." (Rec. Doc. No. 73 at 1, 10). However, SLE and Whitney do not argue that SLE was named as a party to the Fireman's Fund, either as a named beneficiary or as a loss payee. Further, under Louisiana law that there must be "clear expression of intent to benefit the third party" in an insurance contract, therefore PCT's mere intention to cover SLE is insufficient to make SLE a third-party beneficiary to the insurance contract issued by Fireman's Fund. Finally, as in *Haddad*, even if this Court accepts that the property owned by SLE and in the possession of PCT was covered by the policy issued by Fireman's Fund, SLE's interest in the property alone does not grant a

11

contractual right to insurance proceeds.[2] SLE and Whitney fail to create a genuine issue of material fact as to their right to claim proceeds as a non-party to the property insurance policy issued by Fireman's Fund.

Therefore, where SLE and Whitney have not established a right to a cause of action against Fireman's Fund, Fireman's Fund is entitled to summary judgment in its favor against the claims of SLE and Whitney.[3]

C. ENGlobal's Motion for Summary Judgment against Fireman's Fund

Fireman's Fund admits that its third-party demand against ENGlobal is "dependent upon the outcome of the main demand." (Rec. Doc. No. 61 at 3), citing Fed. R. Civ. P. 14(a)(1)[4]; *Sunrise Development Inc. v. Carl E. Woodard, Inc.*, Civ. A. No. 03-2273, 2004 WL 574719 at *2 (E.D. La. 2004), quoting *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975). "Here, ENGlobal's liability to Fireman's Fund is strictly contingent on whether Fireman's Fund is found liable on SLE's main demand."

---

[2]Although the property insurance policy issued by Fireman's Fund contains a provision that "property of others held by the Insured" is covered, it contains a further provision that loss payees may express an interest for covered property pursuant to a written agreement with the insured. (Rec. Doc. No. 64-6 at 10, 3). SLE and Whitney admit that there is no written agreement between SLE, the alleged loss payee, and the insured, PCT. (Rec. Docs. No. 64-1 at 6 & 73 at 4)(SLE and Whitney instead point to agreements between SLE and ENGlobal or ENGlobal or PCT, but cite none between SLE and PCT).

[3]Therefore, the Court need not address the additional grounds for summary judgment urged by Fireman's Fund. (See Rec. Docs. No. 30 & 64).

[4]"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

(Rec. Doc. No. 61 at 4). Therefore, in light of the foregoing Order granting summary judgment in favor of Fireman's Fund against SLE, ENGlobal is entitled to judgment as a matter of law on Fireman's Fund's third-party demand against it.

D.  C&I and Chartis' Motion for Summary Judgment against SLE and Whitney

Unlike the inland marine insurance policy that Fireman's Fund issued to PCT, which was a property insurance policy, C&I and Chartis admit that they issued liability policies to PCT.[5] (Rec. Docs. No. 31-1 at 1, 31-4, & 31-5). In *Landry*, the federal Bankruptcy Court applied Louisiana substantive law to determine the claimant's property interest in the liability insurance contract at issue. *See Landry v. Exxon Pipeline Co.*, 260 B.R. 769, 800 (Bankr. M.D. La. 2001)("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."). Further, both C&I and Chartis, and SLE and Whitney apply Louisiana substantive law to the insurance dispute at issue. (Rec. Docs. No. 31 & 36). Therefore, this Court applies Louisiana

---

[5]C&I and Chartis also do not contest that SLE and Whitney can allege a cause of action for PCT's wrongful acts. *See also Landry v. Exxon Pipeline Co.*, 260 B.R. 769,786 (Bankr. M.D. La. 2001), citing *Matter of Edgeworth*, 993 F.2d 51, 56 (5th Cir. 1993)(noting that in the liability insurance context, the proceeds are paid to the victim of the insured's wrongful act, as SLE and Whitney purport to be here).

substantive law to interpret the liability insurance policies issued by C&I and Chartis to PCT. As noted *supra*, under Louisiana law, an insurance contract should be enforced as written and the Court should not use rules of contractual interpretation to alter unambiguous terms and policy provisions. "Interpretation of a policy of insurance involves legal questions which can properly be resolved through a motion for summary judgment." *Duchmann v. Orleans Maritime Brokerage, Inc.*, 603 So.2d 818, 820 (La. App. 4th Cir. 1992), citing *Ledbetter v. Concord Gen. Corp.*, 564 So.2d 732 (La. App. 2d Cir. 1990); *Pridgen v. Jones*, 556 So.2d 945 (La. App. 3d Cir. 1990).

SLE, Whitney, C&I and Chartis agree that the liability policies issued to PCT excluded property damage to "property in the care, custody or control of the insured." (Rec. Docs. No. 31-1 at 11 & 36). The Louisiana jurisprudence interpreting the "care, custody or control" exclusion recognizes that the exclusion will be applied to defeat coverage when:

> ...*the insured is either a contractor or subcontractor who has been sued by the owner of the property upon which work was being performed, or is a party with whom property had been placed for use or repair. The suits brought by the property owners are normally for alleged negligence in the performance of the work or in the use of the property which led to damage to the property*.

14

*Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1184 (La. 1994), citing *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081 (La. 1983); *Thomas W. Hooley & Sons v. Zurich Gen. Acc. & Liability Ins. Co.*, 103 So.2d 449 (La. 1958); *Duchmann v. Orleans Maritime Brokerage, Inc.*, 603 So.2d 818 (La. App. 4th Cir.), writ denied, 607 So.2d 568 (La. 1992); *State Farm Fire & Cas. Co. v. Zurich American Ins.*, 459 So.2d 205 (La. App. 3rd Cir. 1984), writ denied, 463 So.2d 603 (La. 1985); *Petrol Indus. v. Gearhart-Owen Indus.*, 424 So.2d 1059 (La. App. 2nd Cir. 1982); *H.E. Wiese, Inc. v. Western Stress, Inc.*, 407 So.2d 464 (La. App. 1st Cir. 1981); *Commercial Capital Sys., Inc. v. Paille*, 333 So.2d 293 (La. App. 1st Cir. 1976); *Hendrix Elec. Co., Inc. v. Cas. Reciprocal Exch.*, 297 So.2d 470 (La. App. 2nd Cir. 1974); *Industrial Supply Co. of La. v. Transamerica Ins. Co.*, 220 So.2d 126 (La. App. 3rd Cir.), writ denied, 254 La. 136, 222 So.2d 884 (La.1969), (emphasis added).

In *Duchmann*, the Louisiana appellate court found that the "care, custody and control" exclusion applied when the property at issue was in the possession of the insured. 603 So.2d at 820. In *Duchmann*, the plaintiff was the owner of a vessel who left the vessel in the control of its listing agent. *Id*. at 819. The listing agent docked the vessel at a pier in New Orleans, and returned to find the vessel at an angle, listing, and taking on water. *Id*. The vessel owner filed suit for damage to the vessel

15

in Louisiana state court, against the listing agent as well as the listing agent's liability insurer. *Id*. The liability insurer filed a motion for summary judgment in the trial court alleging that coverage was excluded under the "care, custody and control" exclusion. *Id*. The trial court denied the motion. The appellate court reversed the trial court's finding and held that coverage was barred by the "care, custody and control" exclusion. *Id*. at 820. In its ruling, the appellate court noted "[b]oth Louisiana decisional and statutory authority support [the insurer's] claim that, if an item is in the insured's possession or under its control at the time of the property damage, the exclusionary provision which relates to the property damaged in the care, custody, and control of the insured, is given effect." *Id.*, citing La. Civ. Code Ann. art. 2045 et seq. (2013), *Berquist v. Fernandez*, 535 So.2d 827 (La. App. 2d Cir. 1988); *Kold, Inc. v. U.S. Fidelity & Guar. Co.*, 496 So.2d 1338 (La. App. 3d Cir. 1986), writ den., 498 So.2d 758 (La. 1986); *Industrial Supply Co. of La. v. Transamerica Ins. Co.*, 220 So.2d 126 (La. App. 3d Cir. 1969), writ den., 222 So.2d 884 (La. 1969).

In *Navarro Pecan v. Penn American Ins.*, the United States Fifth Circuit affirmed summary judgment in favor of an insurer, applying Louisiana law to interpret a "care, custody and control" exclusion. 34 Fed. Appx. 963 (5th Cir. 2002). In *Navarro*, the plaintiff was the property owner of pecans, who deposited his

pecans in the insured's warehouse. *Id*. When a sprinkler pipe in the warehouse ruptured and damaged the pecans, the plaintiff sued the insured, as its depositary, and the depositary's insurer. *Id*. The insurer was awarded summary judgment at the trial court, on the grounds that the policy excluded coverage for the pecans because they were "in the care, custody and control of the insured." *Id*. When plaintiff appealed, the Fifth Circuit agreed with the district court's finding, stating that "because [the insured] is a depositary ... it is deemed to have 'care, custody or control" over the personal property it accepts for deposit." *Id.*, citing *Hendrix Elec. Co. Inc., v. Cas. Reciprocal Exch.*, 297 So.2d 470, 474 (La. App. 2d Cir. 1974); La. Civ. Code Ann. art. 2926 (2013).

The facts in the instant case are similar to those in *Duchmann* and *Navarro*. As in *Navarro*, SLE and Whitney contend that the insured, PCT, was a depositary for SLE's property. (Rec. Doc. No. 36 at 5, "PCT was a depositary with respect to SLE's equipment."). Therefore, under the Fifth Circuit's holding in *Navarro*, PCT is deemed to have "care, custody or control" over SLE's property which it accepted for deposit. SLE and Whitney dispute applicability of the "care, custody and control" exclusion by attempting to draw a distinction between property damage which results "from exercising control" versus "while exercising control." (Rec. Doc. No. 36 at 19). However, in doing so, SLE and Whitney rely on one Louisiana case which predates the Louisiana Supreme Court's holding in

17

*Reynolds*, and another Louisiana appellate case that was subsequently reversed in part at the Louisiana Supreme Court, and cited in *Reynolds*. (See Rec. Doc. No. 36 at 19-20, citing *Eymard v. C&W Well Svc., Inc.*, 258 So.2d 406 (La. App. 4th Cir. 1972); *Borden, Inc. v. Howard Trucking Co., Inc.*, 372 So.2d 242 (La. App. 1st Cir. 1979)); See also *Reynolds v. Select Properties, Ltd.*, 634 So.2d 1180, 1184 (La. 1994), citing *Borden, Inc. v. Howard Trucking Co., Inc.*, 454 So.2d 1081 (La. 1983). Further, in the *Eymard* case cited by SLE and Whitney, the policy exclusion at issue contained the language "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control." *Eymard*, 258 So. 2d at 407. Therefore, the court in *Eymard* found the distinction between "resulting from exercising control" and "while exercising control" relevant, only because the policy contained express language making such a distinction important. The instant policies issued by C&I and Chartis do not contain such express language, nor do SLE and Whitney contend that it does. (Rec. Docs. No. 31-1 at 11 & 36). As illustrated in *Duchmann*, Louisiana courts have interpreted the "care, custody and control" exclusion to apply when the property was in the possession of the insured. Here, SLE and Whitney allege damages resulting from "the actions and/or inactions of PCT as a depositary," and while SLE's equipment was "held by PCT in its yard in Gonzales, Louisiana." (Rec. Docs. No. 36 at 5 & 3).

18

Accordingly, no genuine issue remains as to the material fact of whether PCT was in possession of SLE's equipment at the time of the alleged damage.

Therefore, coverage for SLE's property is barred by the "care, custody and control" exclusion, and C&I and Chartis are entitled to judgment as a matter of law against the claims of SLE and Whitney.[6]

New Orleans, Louisiana, this 18th day of March, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[6] Accordingly, the Court need not address the additional grounds for summary judgment urged by C&I and Chartis. (Rec. Doc. No. 31).