```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **SOUTH LOUISIANA ETHANOL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2715**<br>**c/w 12-379**<br>**PERTAINS TO ALL CASES** |
| **ERIC JACOB MESSER, ET AL.** | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court are Defendant Southern Scrap Materials, Co., L.L.C.'s ("Southern Scrap") Motion for Summary Judgment against the claims of Plaintiff South Louisiana Ethanol, L.L.C. ("SLE") and Intervenor Whitney Bank ("Whitney"), SLE and Whitney's Opposition to the Motion, and Southern Scrap's subsequent Reply in support of its Motion. (Rec. Docs. No. 120, 123, & 139). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Southern Scrap's Motion for Summary Judgment (Rec. Doc. No. 120) is **DENIED without prejudice to reurge**.

<u>Procedural History and Facts of the Case</u>:

SLE entered into an engineering, procurement, and construction contract with ENGlobal U.S., Inc. ("ENGlobal") in January 2007, for the retrofitting of an ethanol facility in Plaquemines Parish, within the Eastern District Louisiana. (Rec. Doc. No. 1-1 at 3). ENGlobal hired Precision Combustion Technology, L.L.C. ("PCT") as a subcontractor, and SLE sent several pieces of equipment to PCT's yard in Gonzales, Louisiana for repair. *Id*. SLE alleges that

while its equipment was in the possession of PCT, PCT wrongfully sold some of the equipment, heat exchangers belonging to SLE, to Southern Scrap. *Id*. SLE now seeks recovery against Southern Scrap for alleged conversion and fraudulent transfer of the heat exchangers.[1]  *Id*. at 11-12. Whitney intervened in the matter asserting a first-ranking security interest in SLE's property, having provided financing to SLE for its engineering work on the plant PCT was contracted to work on. (Rec. Doc. No. 120-2 at 3).

In its instant motion for summary judgment, Southern Scrap argues that SLE and Whitney's claims involve seven heat exchangers that were 304 grade stainless steel. (Rec. Doc. No. 120 at 1). Southern Scrap asserts that because the heat exchangers it purchased from PCT were 316 grade stainless steel, and not 304 grade, SLE and Whitney have no cause of action against Southern Scrap. *Id*. at 1-2.

Law & Analysis

A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material

---

[1] SLE initiated the action in state court, but the case was subsequently removed to federal court under 28 U.S.C. §§ 1452(a) and 1334(b), as it was related to the bankruptcy proceeding of SLE, already pending in federal court. (Rec. Doc. No. 1 at 2). SLE also seeks recovery against the principals of PCT (Steven Zane Glaze, Cynthia Ann Glaze, and Eric Jacob Messer). (Rec. Doc. No. 1-1). SLE also filed claims against PCT's insurers, Fireman's Fund and C&I and Chartis; the Court granted the insurers' motions for summary judgment on those claims. (Rec. Docs. No. 100 & 101).

fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). Because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

As to issues for which the non-moving party has the burden of proof at trial, the moving party may satisfy its burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant makes this showing, the burden shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions,

3

or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

B. SLE and Whitney's claims of conversion and fraudulent transfer

"Under Louisiana law, 'a conversion consists of an act in <u>derogation of the plaintiff's possessory rights, and any wrongful exercise or assumption of authority over another's goods</u>, depriving him of the possession, permanently or for an indefinite time, is a conversion.'" *In re Hamlin*, 411 B.R. 310, 313 (W.D. La. 2009), quoting *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La. 1985), *emphasis added*. "Under § 548(a)(2)(A) and (B)(I) of the Bankruptcy Code (11 U.S.C.), a transaction is fraudulent if it is 1) a transfer of the <u>debtor's interest in the property</u>, 2) made within one year of the filing of the bankruptcy petition, 3) an exchange for which the debtor received less than a reasonably equivalent value, and 4) made while the debtor was insolvent. The Trustee may 'avoid' such a transaction by recovering the property so transferred or its value." *In re McConnell*, 934 F.2d 662, 664 (5th Cir. 1991), *emphasis added*. Therefore, proper identification of the heat exchangers at issue is material to SLE and Whitney's claims of: 1) conversion under Louisiana law and 2) fraudulent transfer under Section 548.

Southern Scrap relies on the expert report of Phillip Peck and

Whitney's discovery responses to assert that the heat exchangers at issue in SLE's and Whitney's conversion and fraudulent transfer claims are made of 304 grade stainless steel. (Rec. Doc. No. 120-2 at 4-5). Southern Scrap then points to its own corporate deposition and discovery responses to contend that the heat exchangers it purchased from PCT were 316 grade stainless steel, and therefore cannot be the exchangers at issue in SLE and Whitney's claims. *Id*. at 6-8. SLE and Whitney contend that the discrepancy in grade of stainless steel, 304 or 316, may be attributable to a misprint, as stated by Southern Scrap's own representative, Mr. Jason Passantino, in a deposition from another action.[2] (Rec. Doc. No. 123 at 4-6). SLE and Whitney further assert that the expert, Peck, indicated that equipment such as the exchangers at issue are often comprised of both 304 and 316 grade stainless steel alloys. *Id*. at 4. SLE and Whitney also refer to photographs of heat exchangers on PCT's property taken during Peck's appraisal of the property in 2008, as well as Peck's assessment that "there were not any other heat exchangers besides the ones owned by SLE" on PCT's property at that time. (Rec. Doc. No. 123 at 4). Therefore, SLE and Whitney present evidence which

---

[2] The Court rejects Southern Scrap's argument that the excerpts from Mr. Passantino's deposition are inadmissible because they are from an earlier action. (Rec. Doc. No. 139 at 5-7). The Court finds that the deposition is admissible pursuant to the Federal Rules of Civil Procedure, which provides for the use of depositions from prior actions if it involves "the same subject matter between the same parties," or "as allowed by the Federal Rules of Evidence." Fed. R. Civ. P. 32(a)(8); *see also* Fed. R. Evid. 801, 807.

creates a genuine issue of material fact as to whether the heat exchangers sold to Southern Scrap were the same exchangers owned by SLE.[3] Consideration of the weight of this evidence is precisely the type of task reserved for the factfinder at trial. Accordingly, the evidence is sufficient at this stage for SLE and Whitney to survive Southern Scrap's motion for summary judgment on the conversion and fraudulent transfer claims, and

**IT IS ORDERED** that Southern Scrap's Motion for Summary Judgment is **DENIED without prejudice to reurge**.

New Orleans, Louisiana, this 6th day of June, 2013.

_[signature]_
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes, however, that the statement that the discrepancy in stainless steel grade "might" be attributable to a misprint, as well as Peck's expert statement, just barely rises above the "mere scintilla of evidence" standard. *See Chaney v. Dreyfus Service Corp.*, 595 F.3d 219, 229 (5th Cir. 2010) ("We are not required to accept the nonmovant's ...unsubstantiated assertions which are ... supported by a mere scintilla of evidence.").